# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CHAVEZ-RIVERA,<br><br>　　　　　　　　　　Petitioner,<br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Respondent. | 11CR5407-LAB/<br>CASE NO. 14-CV-1353-LAB<br><br>**ORDER DENYING FEDERAL HABEAS PETITION** |

On December 29, 2011, Chavez-Rivera pleaded guilty to being a deported alien found in the United States, a violation of 8 U.S.C. § 1326. *See* Case No. 11-CR-5407, Doc. Nos. 19–22. On February 27, 2012, the Court sentenced him to 48 months in prison, and judgment was entered on March 1, 2012. *Id.* at Doc. No. 29. Over two years later, on June 2, 2014, Chavez-Rivera filed the present action—a federal habeas petition seeking to vacate his conviction and sentence under 28 U.S.C. § 2255. The motion is **DENIED**.

Chavez-Rivera's petition is light on argument, but he claims there is federal law that would allow him to apply for citizenship and that would lead to his charge of illegal reentry being "corrected." (Pet. at 9.) Aware that his judgment of conviction was finalized well over two years ago, he says "I have only just learned of this Federal Law and I wish to exercise it at this time." (Pet. at 12.) He doesn't identify this federal law, nor does he say when it took effect, so it's not clear if the law is truly new or simply new to Chavez-Rivera.

1          In any event, Chavez-Rivera's petition is plainly untimely and barred by the statute of limitations. He had one year from the date his conviction became final to file the petition. 28 U.S.C. §2255(f)(1). And because he didn't appeal his conviction it became final just fourteen days after judgment was entered, when the time for filing a notice of appeal expired. *See Randle v. Crawford*, 604 F.3d 1047, 1058 (9th Cir. 2010). His petition was therefore due by no later than March 15, 2013, and he filed it in June, 2014. It is no excuse to invoke § 2255(f)(4) and the exercise of "due diligence" to delay the starting date of the limitations period, because among other reasons § 2255(f)(4) "is directed at the discovery of new facts, not newly-discovered law." *See Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013). *See also Harper v. United States*, 2012 WL 32920 at *3 (M.D. Pa. Jan. 6, 2012). Moreover, there is absolutely no authority for Chavez-Rivera's idea that habeas relief is available to someone who was fairly and finally convicted of an immigration offense yet now maintains that he has discovered a route to United States citizenship. That certainly isn't encompassed in the bases for relief articulated in the federal habeas statute. *See* 28 U.S.C. § 2255(a).

          Wholly apart from the timeliness and merits of Chavez-Rivera's petition, in his plea agreement with the United States he waived his right to collaterally attack his conviction and sentence, except for a post-conviction collateral attack alleging ineffective assistance of counsel. *See* Case No. 11-CR-5407, Doc. No. 22 at 10. This waiver is valid and subject to strict enforcement, and it certainly encompasses his present claim that he is actually entitled to become a United States citizen and have his conviction for illegal reentry wiped out. *See United States v. Ramirez-Cardinez*, 2014 WL 1329759 at *1 (E.D. Cal. Apr. 1, 2014) (citing *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993)). The plea agreement specifies that

//
//
//
//

1 | Chavez-Rivera is a Mexican citizen and "has never been a citizen or national of the United
2 | States." Case No. 11-CR-5407, Doc. No. 22 at 3. On this concession alone, his habeas
3 | petition is a non-starter.
4 |     Chavez-Rivera's motion to vacate his conviction and sentence under 28 U.S.C.
5 | § 2255 is **DENIED**. Not only is it time-barred, but the specific claim that Chavez-Rivera
6 | advances was waived under his plea agreement and is meritless under the law. The Court
7 | further **DENIES** Chavez-Rivera a certificate of appealability. See Miller-El v. Cockrell, 537
8 | U.S. 322, 327 (2003).

10 |     **IT IS SO ORDERED**.
11 | DATED: July 1, 2014

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge